UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEROY L PRUITT,

        Plaintiff,

    v.

BAYER U.S. LLC,

        Defendant.

Case No. 19-cv-07951-RS

**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND AND DENYING MOTION TO STRIKE**

## I. INTRODUCTION

Plaintiff Leroy L. Pruitt, appearing *pro se*, brought this action in Alameda County Superior Court against his former employer Bayer U.S. LLC, alleging discrimination on the basis of sexual orientation and disability. Bayer removed the action to federal court and has now moved to dismiss two of the three alleged causes of action. It also moves to strike portions of the complaint. Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for May 28, 2020 is vacated.[1] For the reasons set forth below, the motion to dismiss is granted, with leave to amend, and the motion to strike is denied.

## II. BACKGROUND[2]

In December 2012, Bayer hired Pruitt as a General Worker at its Berkeley, California

---

[1] Pruitt's Administrative Motion to reschedule this hearing, ECF No. 29, is accordingly vacated without prejudice.

[2] Facts are drawn from the complaint and must be taken as true for the purpose of deciding this motion.

location. As a condition of his employment, Pruitt was compelled to submit to a blood draw. He informed the nurse administering the draw that he lives with HIV. Over the next four years, Pruitt worked as a Production Cleaner, Materials Handler, and Cycle Counter for Bayer. He alleges that, over the latter three years of his employment, he was discriminated against and harassed "every work day for being Homosexual living with HIV and AIDS and reporting these incidences with Human Resources."

Pruitt alleges a number of incidents over several years involving his coworkers and managers. Fellow employees would heckle him in the cafeteria and refuse to sit with him. They would photograph him without his consent. On one instance, he was told "no one wants you here" and punched him in the stomach. While being interviewed for a promotion, Pruitt was asked if he was married, or had a girlfriend or children, and told "we only want those with families working here, not people like you." On another instance, he discovered his assigned locker had been broken into, and his cell phone and car keys taken. He believes GPS tracking software was installed on his phone, and a GPS tracking device was implanted in his car. On yet another instance, while working in the shipping department, Pruitt discovered materials listed on an invoice were missing from a shipment; when he reported the discrepancy to his supervisors, they assumed he had taken the missing items. Also while working in the shipping department, when he asked coworkers for help unloading a large shipment of perishable items which had arrived, all of them declined to help him.

Pruitt reported each of these incidents and others to management. In August 2016, he reported he was attacked by coworkers at Bayer's fermentation lab. Another time, he reported to security that he was being harassed in the parking lot in areas security cameras could not reach. In response, Bayer managers advised they could not find any evidence of his reports. At some point, Bayer called a meeting with the leadership of the employee union of which Pruitt was a member and asked that Pruitt see a therapist regarding his numerous reports. He alleges to have discovered that the therapist was recording their session and sharing its contents with Bayer.

Pruitt was eventually placed on administrative leave in February 2017. He was told that, in

order to be permitted to report to work, he would need to be evaluated by a mental health professional. When Pruitt did so, he learned the evaluator had been told by Bayer about discrimination against Pruitt for being HIV positive and that "management felt [Pruitt] did not meet their image of a typical homosexual man." Pruitt reported what he had learned from the evaluator. The evaluator's report subsequently stated Pruitt was not fit to return to work. Pruitt then made an appointment to see his personal physician, who found he *was* fit to return to work. Pruitt told Bayer of his doctor's assessment on May 29, 2017. In June 2017, Pruitt received a letter informing him he had been fired.

On April 6, 2018, Pruitt filed a Charge of Discrimination with the Equal Employment Opportunity Commission, and concurrently with California's Department of Fair Employment and Housing ("DFEH"). The Charge alleged Pruitt had been discriminated against on the basis of disability by Bayer between February 1 and April 28, 2017. It also discussed discrimination on the basis of sexual orientation and retaliation for reporting harassment, though the only box on the form Pruitt checked was for disability discrimination.

Pruitt subsequently filed a complaint in Alameda County Superior Court based on these facts. *See Pruitt v. Cummings*, No. RG19024150 (Cal. Sup. Ct. filed June 24, 2019). Demurrers to two amended complaints were sustained. On December 5, 2019, Bayer filed a Notice of Removal to federal court. Pruitt filed an amended complaint on the federal court docket,[3] alleging three causes of action: (1) discrimination and harassment, (2) harassment, and (3) retaliation and stalking. The complaint does not specify which statute his first two claims arise under; the third cause of action seems to be made pursuant to Cal. Labor Code §1102.5. He requests $1,999,999,999 in damages, access to Bayer's employee cafeteria with a $20 per day allowance, and removal of the GPS tracking device he alleges was planted in his car.

---

[3] At the time the case was removed, there was no operative complaint. Pruitt filed an amended complaint on the state court docket after the case was removed and a "notice of removal" on the federal court docket, stating he wanted the case to remain in state court. He was instructed to file a complaint on the federal court docket, and a separate motion to remand if he wanted the case to revert to state court. *See* ECF No. 23. No such motion has yet been filed.

### III.  MOTION TO DISMISS

**A. Evidence**

As a threshold matter, the evidence to be considered in deciding the motion to dismiss must be identified. Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "Incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja*, 899 F.3d at 1002. A defendant may seek to incorporate a document into the complaint "if the plaintiff refers *extensively* to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (emphasis added). "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Khoja*, 899 F.3d at 999 (citing Fed. R. Evid. 201(b)). "Accordingly, a court may take judicial notice of matters of public record…." *Id.* (internal citation and quotations omitted).

Bayer requests incorporation by reference of the Collective Bargaining Agreement ("CBA") between itself and its employee union. The CBA is referred to in Pruitt's complaint, but only once. Because one referral is not "extensive," and allegations against Bayer appear unrelated to the CBA, incorporation by reference is inappropriate. Bayer further requests judicial notice be taken of the discrimination charge filed by Pruitt with the DFEH, as well as of the demurrer sustaining the dismissal of Pruitt's prior complaint in Alameda County Superior Court. Both documents are matters of public record, and thus judicial notice of their existence is warranted.

**B. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a

complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**C. Discussion**

Bayer moves to dismiss Pruitt's second cause of action for harassment for failure to state a claim under Rule 12(b)(6). The complaint does not state under what law the claim is made. Pruitt's response to the motion to dismiss states the claim arises under Cal. Gov't Code §§ 11139.8, 12955. However, the former provision is a prohibition on state-sponsored travel to places which discriminate on the basis of sexual orientation or gender identity; the latter is a portion of California's Fair Employment and Housing Act ("FEHA") regarding housing discrimination. As neither relates to Pruitt's claims, it is assumed that he intends to raise his claim under a different provision of the FEHA which outlaws discrimination in the workplace, including harassment based on a enumerated protected classification. *See* Cal. Govt. Code § 12940(a). "Before filing a civil action alleging FEHA violations, an employee must exhaust his or her administrative remedies with DFEH." *Wills v. Superior Court*, 195 Cal. App. 4th 143, 153 (Cal. Ct. App. 2011), *as modified on denial of reh'g* (May 12, 2011). In determining whether the exhaustion requirement has been met, "what is submitted to the DFEH must not only be construed liberally in favor of plaintiff, it must be construed in light of what might be uncovered by a reasonable investigation." *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 268 (Cal. Ct. App. 2009).

In the present case, Pruitt did exhaust his administrative remedies when he filed a Charge with the DFEH in 2018. On the Charge form, he only checked the box for disability discrimination, but he discussed in the narrative section discrimination based on sexual harassment as well as retaliation. Thus, construing the Charge liberally in Pruitt's favor, investigation thereof might reasonably have uncovered facts regarding disability discrimination, sexual orientation discrimination, and retaliation.

The second cause of action must nevertheless be dismissed because it appears to be either duplicative, or based on discrimination with regard to which Pruitt failed to file an administrative claim. To the extent the second cause of action is premised on disability discrimination or sexual orientation discrimination, it appears to repeat the first cause of action. The second cause of action does make one reference to "racial" discrimination, but discrimination on the basis of race was not brought to the DFEH's attention, nor has Pruitt pled facts demonstrating a reasonable investigation into his Charge would have uncovered discrimination on the basis of race. The second cause of action must therefore be dismissed. However, Pruitt will be given leave to amend to the extent he can plausibly allege facts demonstrating this cause of action is (a) not duplicative and (b) based on allegations already made to the DFEH, or which the DFEH would reasonably have uncovered in its investigation. Any amended complaint should also specify under which statute this cause of action arises, if not Cal. Govt. Code § 12940.

Bayer also moves to dismiss Pruitt's third cause of action for retaliation and stalking for failure to state a claim. This cause of action appears to arise under a provision of the California Labor Code which prohibits an employer from retaliating against an employee who reports information which the "employee has reasonable cause to believe…discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Cal. Labor Code § 1102.5. "Section 1102.5 requires that to come within its provisions, the activity disclosed by an employee must violate a federal or state law, rule or regulation." *Mueller v. Cty. of Los Angeles*, 176 Cal. App. 4th 809, 821–22 (Cal. Ct. App. 2009). Bayer argues that Pruitt has failed to state of which predicate law Pruitt believed he was disclosing a violation. Pruitt's

1  response to the motion to dismiss identifies several statutory provisions which he seems to allege
2  Bayer violated: Cal. Labor Code §§ 98.6, 6310, Cal. Gov't Code §§ 6205, 12940(h), and Cal.
3  Penal Code § 646.9(a). However, the response fails to tie reporting by Pruitt to specific unlawful
4  conduct by Bayer, nor is the response itself a pleading. The complaint itself does not list any
5  underlying statutory provisions. Furthermore, as Bayer rightly points out, to the extent that the
6  third cause of action is based on "stalking," Pruitt has failed to identify a statutory provision under
7  which damages are available and his cause of action arises. The third cause of action must
8  therefore be dismissed. However, Pruitt will be given leave to amend and correct these defects.

### IV.  MOTION TO STRIKE

Rule 12(f) provides, in pertinent part, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted). A motion to strike should be granted if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Motions to strike are regarded with disfavor [] because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *Capella Photonics, Inc. v. Cisco Sys., Inc.*, 77 F. Supp. 3d 850, 858 (N.D. Cal. 2014) (quotation omitted). "Nonetheless, the Court may properly grant motions to strike when a defense or a claim is insufficient as a matter of law." *Zep Solar Inc. v. Westinghouse Solar Inc.*, No. 11-cv-06493, 2012 WL 1293873, at *1 (N.D. Cal. Apr. 16, 2012). Some courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion. *See Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Bayer requests three matters be stricken from Pruitt's complaint. First, the reference to "defendant Leona Cummings" be stricken, because Cummings is not a defendant in the federal case. Cummings was a defendant in the state case, but the claims against her were dismissed with

United States District Court
Northern District of California

prejudice. Nevertheless, it is quite clear from the face of the operative complaint that Cummings is no longer a party to this action. She is not mentioned anywhere besides the first page, and Pruitt does not complain of any conduct by her. The reference to her as a "defendant" appears to be merely a typographical error and will not result in the litigation of spurious issues.

Second, the alleged failure to follow procedures set forth in the CBA be stricken, because the CBA provides for binding arbitration and the courts lack jurisdiction over any breach thereof. However, Pruitt's causes of action do not appear to be based on Bayer's alleged failure to follow the terms of the CBA; that is, Pruitt is not asking jurisdiction be exercised over a breach of the CBA. He does not seem to be attempting to litigate spurious issues. On the other hand, Pruitt may be prejudiced if the reference is stricken to the extent that his belief Bayer violated the terms of the CBA is relevant to his other causes of action.

Third, Bayer also requests the references to "defamation of character" and "wrongful termination in violation of public policy" be stricken because Pruitt does not raise these as causes of action, and their inclusion in the complaint thus might confuse the presentation of issues. Pruitt's opposition states that "reference[s] to Defamation of Character and Wrongful Termination in Violation of public policy should remain for caption where there are such claims for relief…." However, the opposition does not actually appear to raise additional causes of action, nor is it a pleading. Evident from the pleadings is that no cause of action for either defamation or wrongful termination has been raised. To the extent Pruitt seeks to raise additional claims, he must seek leave to do so. *See* Fed. R. Civ. P. 15. The motion to strike is therefore denied.

## V.  CONCLUSION

For the reasons set forth above, the motion to dismiss is granted, with leave to amend, and the motion to strike is denied. Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED**.

Dated: May 18, 2020

RICHARD SEEBORG
United States District Judge