UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY L PRUITT,<br><br>Plaintiff,<br><br>v.<br><br>BAYER U.S. LLC,<br><br>Defendant. | Case No. 19-cv-07951-RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

**I. Introduction**

In this employment discrimination and wrongful termination lawsuit, Defendant Bayer U.S. L.L.C. ("Bayer") moves for summary judgment. Dkt. 70. Plaintiff Leroy Pruitt opposes the motion. Dkt. 75. In his opposition, however, Pruitt does not meaningfully respond to Bayer's legal arguments. Pruitt does not provide any evidence to support his opposition, beyond allegations and assertions made in his memorandum in opposition to the motion. Even when making all justifiable inferences in Pruitt's favor, *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991), summary judgment for Bayer is appropriate. Pruitt has not set out evidence to establish a prima facie case of discrimination, harassment, or retaliation based on his sexual orientation or HIV-positive status in violation of the California Fair Employment and Housing Act ("FEHA"). Similarly, his failure to provide any evidence supporting his FEHA claims removes his ability to recover for wrongful termination in violation of public policy, as he roots this common law claim

in the public policies outlined in FEHA. Thus, Bayer's motion for summary judgment is granted.[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for December 16, 2021 is vacated.

**II. Background**

Plaintiff is a resident of Oakland, California who was previously employed by Bayer in Berkeley, California. He has been diagnosed HIV and identifies as homosexual.[2] In July 2019, he initiated this pro se employment discrimination and wrongful termination action in Alameda County Superior Court. Bayer removed the action to this Court.

Pruitt was employed at Bayer from June 2012 to June 2017. His roles at Bayer included janitor, production cleaner, and material handler. He started as a temporary employee and became a permanent employee in December 2012. He avers that during his time at Bayer, he was subject to harassment and discriminatory remarks by coworkers and supervisors on the basis of his sexuality. He avers that he reported these incidents to his supervisors and Human Resources. In October 2016, Human Resources required Pruitt to participate in therapy sessions through the company's Employee Assistance Program following complaints he made about coworkers trying to fight him, which Human Resources could not substantiate.

On February 27, 2017, Pruitt was placed on paid administrative leave. The following month, he underwent a fitness for duty ("FFD") evaluation with a psychiatrist contracted by Bayer, Dr. Stephen Raffle, who deemed Pruitt fit to return to work. Following a report he made to a company hotline that his coworkers had created a hostile work environment and that coworkers were distributing a photo of him to strangers who then approached him, Pruitt underwent a second

---

[1] Bayer also filed two motions in limine to exclude evidence from the bench trial, should a trial occur. Dkt. 72-73. As Bayer's motion for summary judgment is granted, these motions are denied as moot.

[2] In recent years, many in the LGBTQ community have identified the term "homosexual" as offensive, and direct others to use terms such as gay or lesbian instead. *See GLAAD Media Reference Guide – Terms To Avoid*, GLAAD, https://www.glaad.org/reference/offensive (last visited December 9, 2021). As Pruitt uses the term homosexual to identify himself, the Court uses the term Pruitt himself uses.

psychiatric evaluation with Dr. Raffle in April 2017, and was determined not fit for duty. Pruitt's primary care doctor cleared him to return to work on May 29, 2017, but Bayer did not allow him to return. On June 9, 2017, Bayer informed Pruitt he was being placed on short term disability benefits-eligible leave. Pruitt avers that Bayer terminated his employment; Bayer counters that Pruitt resigned while on leave. Prior to filing this lawsuit, Pruitt administratively exhausted his claims with the U.S. Equal Employment Opportunity Commission and the California Department of Fair Employment and Housing.

### III. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex v. Catrett,* 477 U.S. 317, 323-24 (1986). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (internal quotation marks omitted). If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which it bears the burden of proof at trial. *Id.* at 322-23.

To preclude the entry of summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986). The trial court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence." *Masson,* 501 U.S. at 520. Pro se litigants are subject to the same rules at summary judgment as those represented by counsel. *Thomas v. Ponder*, 611 F.3d 1144,

1150 (9th Cir. 2010); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

## IV. Discussion

In his Second Amended Complaint, Pruitt avers four claims for relief. Three of the claims for relief aver violations of FEHA: (1) Bayer discriminated against Pruitt based on his sexual orientation and based on his HIV+ status in violation of California Government Code § 12940(a); (2) Pruitt was harassed based on his sexual orientation and HIV+ status, and Bayer failed to address this harassment in violation of California Government Code § 12940(j)(1); and (3) Bayer retaliated against Pruitt in violation of California Government Code § 12940(h) after Pruitt made a report to an internal whistleblower hotline. His fourth claim avers wrongful termination in violation of public policy. Bayer moves for summary judgment on each of these claims. Dkt. 70. In his opposition to Bayer's motion for summary judgment, Dkt. 75, Pruitt does not respond to Bayer's evidence and legal arguments, and instead recites new allegations concerning people he believes are following him and may be associated with Bayer and Bayer's legal team.[3] Pruitt sets forth factual allegations, but does not proffer any evidence developed in discovery in support of his account of the facts. Even when drawing all inferences in favor of Pruitt, for the reasons explained below he has not brought forth material facts to establish the elements of each of his claims for relief or has failed to rebut the legitimate, nondiscriminatory reasons Bayer provides for its actions.

### A. Employment Discrimination in Violation of California Government Code § 12940(a)

Pruitt avers employment discrimination by Bayer based on his sexual orientation and HIV+ status. To establish a prima facie case of discrimination under FEHA, a plaintiff must

---

[3] Bayer objects to statements offered by Pruitt in his opposition. Dkt. 78. Bayer first objects to statements Pruitt attributes to Dr. Raffle as hearsay and lacking in foundation as an unsupported opinion. Pruitt does not set forth evidence concerning Dr. Raffle's statements other than unsworn allegations in his opposition, and the statements are not considered when evaluating the evidence. Bayer next objects to a photo Pruitt offers as an exhibit, depicting people outside a pharmacy Pruitt visited this year. As the photo is not relevant to Pruitt's claims, which concerns events in 2017 and prior years, the photo is similarly not considered.

provide evidence showing "(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 355 (2000); *see also* Cal. Gov. Code § 12940(a). "If the employer presents admissible evidence either that one or more of plaintiff's prima facie elements is lacking, or that the adverse employment action was based on legitimate, nondiscriminatory factors, the employer will be entitled to summary judgment unless the plaintiff produces admissible evidence which raises a triable issue of fact material to the defendant's showing." *Caldwell v. Paramount Unified Sch. Dist.*, 41 Cal. App. 4th 189, 203 (1995), *as modified on denial of reh'g* (Jan. 17, 1996).

Pruitt avers four adverse employment actions: (1) his placement on a leave of absence from work; (2) the requirement that he submit to a second FFD exam; (3) Bayer's refusal to reinstate him after his physician cleared him for work; and (4) his termination in June 2017. Pruitt has not, however, established a prima facie case of discrimination because he has failed to put forth any evidence that establishes a circumstance suggesting a discriminatory motive. "[A] party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S. A. Empresa De Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982); *see also Estrella v. Brandt*, 682 F.2d 814, 819-20 (9th Cir. 1982) ("Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid summary judgment."). Pruitt makes a variety of assertions in his opposition to the motion for summary judgment, but fails to offer any evidence in support of his motion. Although testimony in his deposition, which is included as an exhibit to Bayer's motion, establishes that he is a member of a protected class, and Bayer appears to concede that at least some adverse employment actions occurred, Pruitt has not put forth any evidence of a circumstance suggesting a discriminatory motive concerning his sexual orientation or HIV+ status. By not offering any evidence, he has failed to establish a prima facie showing.

Further, even if Pruitt had established a prima facie case, Bayer has also offered evidence

1    showing that each of "the adverse employment action[s] [were] based on legitimate,
2    nondiscriminatory factors[.]" *Caldwell*, 41 Cal. App. 4th at 203. First, Bayer has shown evidence
3    that Pruitt's placement on paid administrative leave was due to his unsubstantiated complaints
4    about coworkers, and that Pruitt agreed to take this paid leave. Declaration of Leona Cummings,
5    Dkt. 70-3, pg. 2; Pruitt Deposition, Dkt. 70-1, pg. 80-81. Second, Bayer has proffered evidence
6    that the second FFD was required because of concerning conduct by Pruitt that followed the initial
7    examination. Declaration of Kathleen Tesdall, Dkt. 70-2, pg. 2. Third, Bayer provided evidence
8    showing Pruitt was not allowed to return to work despite having a note from his physician,
9    because Bayer managers determined that Dr. Raffle's examinations should take precedence,
10   considering his specialty in mental health and the testing he conducted. Declaration of Kathleen
11   Tesdall, Dkt. 70-2, pg. 3. Fourth, Bayer has provided evidence showing it did not terminate Pruitt,
12   but rather gave him short term disability benefits-eligible leave as he was not fit to return to work,
13   and that Pruitt resigned while receiving short-term disability benefits. Declaration of Leona
14   Cummings, Dkt. 70-3, pg. 2; Pruitt Deposition, Dkt. 70-1, pg. 119.

15   Once an employer has provided a legitimate, nondiscriminatory reason for the adverse
16   action, the burden shifts to the plaintiff "to produce substantial responsive evidence that the
17   employer's showing was untrue or pretextual." *Horn v. Cushman & Wakefield W., Inc.*, 72 Cal.
18   App. 4th 798, 807 (1999) (internal quotation marks and citations omitted). As Pruitt has not
19   provided any evidence beyond his unsworn allegations, he has not met this burden.

20   In short, Pruitt has not put forth evidence to establish a prima facie case of discrimination,
21   and even if he had, Bayer has provided unrebutted evidence of legitimate, nondiscriminatory
22   reasons for each of the adverse employment actions. Summary judgment on this claim is therefore
23   granted to Bayer.

**B. Hostile Environment/Harassment in Violation of California Government Code § 12940(j)(1)**

26   Pruitt avers that other employees harassed him due to his sexual orientation while at work,

including directing homophobic slurs at him.[4] California Government Code § 12940(j)(1) makes unlawful the harassment of an employee based on a protected ground, including their sexual orientation. Harassment of an employee by another employee is unlawful "if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action." Cal. Gov. Code § 12940(j)(1). A claim of harassment requires showing "the conduct complained of was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their [sexual orientation]." *Cornell v. Berkeley Tennis Club*, 18 Cal. App. 5th 908, 927 (2017).

Once again, Pruitt offers only assertions in his memorandum in opposition, rather than evidence that can be evaluated at the summary judgment stage. *See S. A. Empresa*, 690 F.2d at 1238. In contrast, Bayer points to Pruitt's deposition, in which he could not identify anyone who had made or witnessed the offensive statements he avers occurred while at the workplace, to cast doubt on whether the harassment occurred or whether it was conducted by Bayer employees. Pruitt Deposition, Dkt. 70-1, pg. 45-47. Bayer also offers the sworn declaration of Leona Cummings, Deputy Director of Labor Relations, who stated no reports were made to Bayer Human Resources concerning the use of homophobic slurs against Pruitt. Declaration of Leona Cummings, Dkt. 70-3, pg. 2. In the absence of any evidence concerning the identity of Pruitt's alleged harassers, along with the absence of any evidence to establish that Bayer did or should have known about this harassment, summary judgment is granted to Bayer on this claim.

**C.  Retaliation in Violation of California Government Code § 12940(h)**

Pruitt avers that Bayer retaliated against him by requiring him to undergo a second FFD evaluation after he made internal complaints. To establish a prima facie case of retaliation, a plaintiff must show three elements: (1) "he engaged in a protected activity," (2) "his employer

---

[4] To the extent Pruitt avers harassment based on his HIV+ status, he conceded at his deposition that no one at Bayer ever made negative comments to him based on that status. Pruitt Deposition, Dkt. 70-1, pg. 43. Thus, summary judgment in favor of Bayer on this claim is also appropriate.

subjected him to adverse employment action," and (3) "there is a causal link between the protected activity and the employer's action." *Flait v. N. Am. Watch Corp.*, 3 Cal. App. 4th 467, 476 (1992). A retaliation claim is analyzed similar to a discrimination claim, in that a defendant may articulate a legitimate, nonretaliatory explanation for its actions to rebut the prima facie case, shifting the burden again to the plaintiff to show that the explanation is merely pretextual. *Id.*

Once again, Bayer has offered a legitimate, nonretaliatory explanation for its actions, and Pruitt has not offered any evidence to show that the explanation is merely pretextual. Bayer explains that Kathy Tesdall, the occupational health therapist, became concerned that Pruitt's concerns about conspiracy theories had expanded since the first FFD exam, prompting the second FFD exam. Declaration of Kathleen Tesdall, Dkt. 70-2, pg. 2. Although this explanation concedes that the second FFD was ordered in reaction to Pruitt's internal complaints, Bayer has offered a legitimate, nonretaliatory explanation for its actions: the complaint suggested that Pruitt's concerns about conspiracies to harm him had expanded to cover activities going on outside of work as well. As Pruitt has offered no evidence to rebut Bayer's explanation, summary judgment is granted to Bayer on this claim.

**D.  Wrongful Termination in Violation of Public Policy**

"[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 170 (1980). If the plaintiff "relies upon a statutory prohibition to support [this] common law cause of action," though, this common law claim "is subject to statutory limitations affecting the nature and scope of the statutory prohibition[.]" *Stevenson v. Superior Court*, 16 Cal. 4th 880, 904 (1997).

Pruitt's failure to put forth any evidence concerning his FEHA claims also removes his ability to pursue this common law claim. In citing California Government Code § 12940 in the portion of his Second Amended Complaint setting out this claim for relief, Pruitt relies on FEHA as the "statutory prohibition to support [his] common law cause of action[.]" *See id.* As explained above, Pruitt has not set forth evidence to show that conduct prohibited by FEHA occurred, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 19-cv-07951-RS

8

thus he cannot recover for wrongful termination in violation of public policy. Summary judgment is therefore granted to Bayer on this claim.[5]

### V. Conclusion

In his opposition to Bayer's motion for summary judgment, Pruitt has not brought forth facts to establish the elements necessary for relief, and has not provided evidence to rebut Bayer's legitimate, non-discriminatory and non-retaliatory reasons for its actions. At this stage in the proceedings, Pruitt must offer more than unsubstantiated allegations. Bayer's motion for summary judgment is therefore granted as to each of Pruitt's claims for relief.[6]

**IT IS SO ORDERED**.

Dated: December 9, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[5] Bayer also argues that Pruitt would need to establish a constructive discharge, since Pruitt resigned from his position. "Constructive discharge occurs when the employer's conduct effectively forces an employee to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1244 (1994). As Pruitt has not put forth evidence that the end of his employment was in violation of public policy, as set out in FEHA, whether he must meet the standard for constructive discharge (and if he must, whether he has met the standard) need not be addressed.

[6] Bayer also moved for summary judgment on whether Pruitt could seek punitive damages. As Pruitt has no viable claims for relief, it is not necessary to address whether punitive damages would be available had Pruitt succeeded on his claims.